# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| **Judith L. Chellew,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| V. | ) | Case No. 08-6015-CV-W-JTM |
| | ) | |
| **Kanawha Insurance Company,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## **ORDER**

Pending before the Court is *Defendant's Petition for Attorney Fees And Costs*, filed October 6, 2009 [Doc. 56]. On September 22, 2009, this Court entered judgment in favor of Defendant Kanawha ("Kanawha"). Kanawha now moves for an award of attorneys' fees pursuant to 29 U.S.C. §1132(g)(1) and costs pursuant to Federal Rule of Civil Procedure 54.

If Kanawha intends to pursue an award of costs as a prevailing party, the Court directs Kanawha to file it's Bill Of Cost with the Clerk of Court for review within 7 days of the date of this Order. Kanawha is advised that, although a presumption exists that the prevailing party is entitled to costs, *Martin v. Daimler Chrysler Corp.*, 251 F.3d 691, 696 (8th Cir. 2001) federal courts are bound by the limitations set out in 28 U.S.C §1920 governing the taxation of such costs. *168th and Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945 (8th Cir. 2007).

With regard to the award of attorney's fees, there is no such presumption in favor of awarding attorneys' fees to a prevailing party in an ERISA case. *West v. Local 710, International Brotherhood of Teamsters Pension Plan*, 528 F.3d 1082, 1086-1087 (8th Cir. 2008), citing *Martin v. Arkansas Blue Cross and Blue Shield*, 299 F.3d 966, 972 (8th Cir. 2002)

(en banc). After due consideration of the issues presented, as well as the factors the Eighth Circuit has held to be relevant to the decision to award fees in an ERISA case, including

> the degree of culpability or bad faith; the ability to pay an award for attorney fees; the deterrent effect an award would have on others; whether the attorney fees are requested to benefit the other plan participants or to resolve legal issues; and the relative merits of the parties' positions

*Molasky v. Principal Mut. Life Ins. Co.,* 149 F.3d 881, 885 (8th Cir.1998), quoting *Lutheran Med. Ctr. v. Contractors, Laborers, Teamsters & Eng'rs Health & Welfare Plan,* 25 F.3d 616, 623 (8th Cir.1994) the Court denies Kanawha's request for attorneys' fees. There is no evidence or indication of bad faith before the Court. Further, the oft-quoted statement of the Court that it was "skeptical of the efficacy of [Plaintiff's] arguments" is misinterpreted when used to suggest that Plaintiff's case had no merit. Moreover, the onerous nature of a judgment of over $75,000 in attorneys fees against a former registered nurse/disease care manager for challenging a pre-existing condition limitation is significant when considering the chilling effect such an award would have on those individuals seeking to challenge an ERISA plan provider's interpretation of its own policy language. Therefore, in accordance with the foregoing discussion, it is

**ORDERED** that *Defendant's Petition for Attorney Fees And Costs*, filed October 6, 2009 [Doc. 56] is **GRANTED IN PART AND DENIED IN PART**. Defendant Kanawha's request for attorney fees is denied. However, if Defendant Kanawha intends to seek taxation of costs against Plaintiff Chellew, it is directed to file its Bill Of Costs with the Clerk of the Court for consideration under Fed. R. Civ. P. 54.

                                        */s/ John T. Maughmer*
                                     **JOHN T. MAUGHMER**
                                     **U. S. MAGISTRATE JUDGE**